# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| TOM E. SMALLEY and NANCY T. SMALLEY, | § § § | |
| Plaintiffs, | § § | Civil Action No. 3:17-cv-00834-M |
| v. | § § | |
| CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Remand this civil action to County Court at Law No.1 in Ellis County, Texas, filed by Plaintiffs Tom E. Smalley and Nancy T. Smalley. For the reasons stated below, the Motion [ECF #9] is DENIED.

### Background

Plaintiffs originally brought this lawsuit in state court to enforce an alleged promise by Defendant Charter Communications Holding Company, LLC to provide cable and internet services to Plaintiffs' home, at no cost to Plaintiffs. In their "Original Petition for Temporary Restraining Order Injunction and for Declaratory Relief," Plaintiffs allege that, in or about April 1991, they entered into a written contract with Defendant, pursuant to which Defendant promised to provide to Plaintiffs:

> cable television services[,] including all premium channels, including but not limited to High Definition Television, Internet, Intranet, Digital Services, . . . all Equipment, Internet and Intranet Terminals, Channel Changers, excluding pay per view

1

transmissions, to all existing outlets, including Televisions and Computers, in Plaintiffs' residence or subsequent residences, at no cost or charge, for so long as Plaintiffs reside[ ] in the cable transmission viewing area . . . .

Pl. Orig. Pet., Rem. Not. [ECF #1], Ex. C at ¶¶4, 6. Defendant allegedly promised to provide these "premium" services to Plaintiffs in consideration for Plaintiffs granting Defendant an easement for an encroachment by Defendant's signal transmission lines across Plaintiff's residential property in Waxahachie, Texas. *See id.* Plaintiffs further allege that they have enjoyed uninterrupted cable television services, including all premium channels, from Defendant, at no cost, since approximately April 1991. *Id.*, at ¶5.

Plaintiffs allege that Defendant began installing equipment for the provision of new high-definition digital television and high-speed internet services to Plaintiff's neighborhood in or about May through August of 2016, but that Defendant never finished the installation work at Plaintiffs' residence. *Id.*, at ¶7. Plaintiffs therefore contend that Defendant has failed to provide the services required pursuant to the terms of the purported contract. *Id.* Plaintiffs also allege that Defendant has attempted to renegotiate the terms of the alleged contract and has threatened to discontinue Plaintiffs' cable television service altogether. *See id.*, ¶¶7-9. Based on this alleged conduct, Plaintiffs filed a civil action in state court asserting claims for breach of contract and ratification, promissory estoppel, common law fraud, intentional misrepresentation, negligent misrepresentation, and breach of the duty of good faith and fair dealing. *See id.* By their lawsuit, Plaintiffs seek injunctive and declaratory relief, as well as punitive damages, and attorneys' fees. *See id.*, ¶¶ 8-9, 13-14, 15, 16.

Defendant timely removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. §1332. In response, Plaintiffs filed a Motion to Remand,

contending that Defendant has not established that the amount in controversy exceeds $75,000. The issues have been fully briefed, and the Motion is ripe for determination.

## Legal Standards and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A federal court's jurisdiction is limited, and federal courts generally may hear a case of this nature if it involves a question of federal law or where complete diversity of citizenship exists between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§1331, 1332. The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co*., 275 F.3d 414, 417 (5th Cir. 2001). In this case, both sides agree that the parties are diverse. The only issue is whether the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Ordinarily, a federal court determines the amount in controversy based on the specific, good faith sum demanded by the plaintiff in its state court petition. *See* 28 U.S.C. § 1446(c)(2). If no amount of damages has been alleged in the state court petition, however, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1409 (5th Cir. 1995). This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002). Once a defendant shows that the amount in controversy more likely than not exceeds the jurisdictional requirement, the plaintiff must be able to show, to a legal

certainty, that the plaintiff will not be able to recover more than the damages for which it has prayed in the state court complaint. *De Aguilar*, 47 F.3d at 1411.

In this case, Plaintiff's Original Petition does not allege a specific amount in controversy. Therefore, Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. To satisfy its burden, Defendant has submitted a declaration from its Vice President of Pricing, Offer Management, and Analysis stating the current charge for providing the services described in Plaintiffs' Original Petition is, at least, $5,459.16 per year. Def. Br. [ECF #14], Ex. 1, Decl. of Sam Araji at 3, ¶10 & 5, ¶11. The Original Petition alleges that Plaintiffs are entitled to receive cable television and internet services from Defendant "for so long as Plaintiffs reside[ ] in the cable transmission viewing area" serviced by Defendant. Pl. Orig. Pet. at ¶4. Plaintiff's Original Petition alleges that Plaintiffs have received free cable television services from Defendant for the last twenty-six years. Pl. Orig. Pet. at ¶5. Nothing in the record indicates that Plaintiffs have any intention of ceasing to reside within Defendant's transmission viewing area. In fact, in a declaration filed in support of their Motion to Remand, Plaintiff Tom Smalley takes the position that he and his wife are likely to continue to reside within Defendant's transmission viewing area for another twenty-five years. *See* Decl. of T. Smalley at 2, Pl. Mot., Ex. A. If Plaintiffs continued to reside within Defendants' transmission viewing area for only the next fourteen years, the charges for providing the services at issue would exceed $75,000. Therefore, the Court concludes that Defendant has shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

In addition to this evidence of the value of the services at issue, Plaintiff's Original Petition asserts claims for punitive damages and attorneys' fees, which are items to be

considered in ascertaining the amount in controversy. *Watson v. Shell Oil Co.*, 797 F.2d 1014, 1021 (5th Cir. 1992) (claim for punitive damages must be considered in determining the amount in controversy); *Foret v. S. Farm Bureau Life Ins. Co*., 918 F.2d 534, 536 (5th Cir. 1990) (same as to claim for attorneys' fees). Under Texas law, exemplary damages are available in fraud cases and may be awarded against a defendant in an amount not exceed the greater of (1) two times the amount of economic damages, plus the amount of noneconomic damages awarded, or (2) $200,000. *See* Tex. Civ. Prac. & Rem. Code §§41.003 & 41.008. Also, attorneys' fees are available in actions for breach of contract, as well as for declaratory relief. Tex. Civ. Prac. & Rem. Code §§37.009 & 38.001(8). Plaintiff's Original Petition alleges claims for fraud, as well as claims for breach of contract and a declaratory judgment. *See* Pl. Orig. Pet. at ¶¶7, 15. The Court thus determines that, when Plaintiffs' claims for punitive damages and attorneys' fees are also taken into account, it is more likely than not that the total amount in controversy exceeds the jurisdictional minimum.

Accordingly, Plaintiffs' Motion to Remand must be denied unless Plaintiffs can show to a legal certainty that that they cannot recover more than $75,000. *Manguno*, 276 F.3d at 724. The Fifth Circuit has suggested that a plaintiff may show legal certainty in various ways, including by filing a binding stipulation or affidavit stating that the plaintiff will not accept more than $75,000 if it succeeds on its claims, or by identifying a state statute that would limit damages to an amount that does not exceed $75,000. *Id*. Plaintiffs have not attempted to provide any such legal certainty here.[1] Instead, they dispute the appropriate

---

[1] In a Joint Status Report filed on May 11, 2017, Plaintiffs' counsel represents that Plaintiffs are willing to amend their Original Petition to limit their claims to breach of contract, promissory estoppel, declaratory relief, and attorneys' fees. *See* Jt. Stat. Rep. [ECF #16] at 1-2. Such an amendment would eliminate Plaintiffs' claim for fraud and, thus, any right to recover exemplary damages. However, the representation of Plaintiffs' counsel in the Joint Status Report is not a binding stipulation or an affidavit by Plaintiffs affirmatively stating that they will not accept

measure for the value of the services at issue. Plaintiffs contend that the appropriate value measure is the difference between the value of the premium services they claim and the value of Defendant's basic service—which Plaintiffs assert is only $35.97 per month. Pl. Mot., Ex. A, Smalley Decl. at 2. Based on their calculations, Plaintiffs estimate that the maximum value of the services at issue could range from $37,785 to $52,899. *Id.* However, Plaintiffs' alternative value measure does not prove to a legal certainty that no more than $75,000 is in controversy in this lawsuit. Significantly, Plaintiffs' estimation of the amount in controversy does not account for Plaintiffs' claims for punitive damages and attorneys' fees. When punitive damages and attorneys' fees are included, it is likely that the total amount in controversy exceeds $75,000.

**Conclusion**

For the reasons explained, Plaintiff's Motion to Remand [ECF #9] is DENIED.

**SO ORDERED**.

May 26, 2017.

BARBARA M. G. LYNN
CHIEF JUDGE

---

an award of more than $75,000. In the absence of such a stipulation by Plaintiffs, the Court must determine the amount in controversy in light of the claims in the Plaintiffs' Original Petition, as they existed at the time of removal. *Manguno*, 276 F.3d at 723.